The presiding judge, Bay,
told the jury, that he thought the custom a reasonable one, and ought to be supported in this city, as well as in the city of London; it was allowed there, in favour of commerce, and for the better support of families, and he saw no good reason why it should not be extended to this country, for the same strong and cogent reasons. Our laws certainly legalized this kind of trade, by feme sole dealers, and an act of the legislature h ad passed, for the better and more speedily enabling them to carry on this commerce, and they were highly protected in those rights ; but this act did not appear to him to have altered the common law, with respect to usage or custom in particular cities and places where it had been established j it only enabled a man to do at once, in one case, that which, it would require years to establish in the other case.
If, however, he said, the jury should have any doubts about the reasonableness and propriety of this custom, which had been urged in support of the second count in the declaration, there could be none under the third and last count for money had and received ; as the goods had been sold by her in the course of trade, and the money had come into her hands, she ought not in justice and good con* science, to retain it from the plaintiff.
The jury, without retiring, found a verdict against the defendants, for the amount of the plaintiff’s demand. A motion was made for a new trial, on the ground of misdirection, andas a verdict against law ; when, after argument, it was overruled, and t the rule discharged, cn the ground that the action was clearly maintainable on the two last counts in the declaration.
Present, Buree, Grihke and Bay.